UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MATTHEW, PRIVATE MINNESOTAN, TRUSTEE OF THE JACOB MATTHEW: JENSEN FAMILY TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　　　　　　　Defendant. | Case No.: 25cv1856 DMS (JLB)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND (2) TO SHOW CAUSE RE: DIVERSITY JURISDICTION** |

　　Plaintiff, a non-prisoner proceeding *pro se*, has submitted a "Verified Equitable Complaint" along with a Motion for Leave to Proceed *In Forma Pauperis*.

**Motion to Proceed IFP**

　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post

securities required to maintain this action.  *See* Civil Local Rule 3.2(d).  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).  Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Here, Plaintiff filed a "Verified Equitable Complaint" alleging two claims for relief: (1) breach of fiduciary duty and unjust enrichment, and (2) equitable estoppel.  Plaintiff alleges the Court has subject matter jurisdiction over these claims under the federal question statute, 28 U.S.C. § 1331, and the diversity statute, 28 U.S.C. § 1332.  Neither of the claims alleged, however, raises a federal question.  And although Plaintiff alleges Defendant is a "Virginia-based business," (Compl. at 2), he fails to allege the state(s) of Defendant's incorporation and principal place of business.  Absent that information, and

clarification on Plaintiff's domicile,[1] the Court is unable to determine whether there is complete diversity between the parties sufficient for the Court to exercise subject matter jurisdiction over this case.

**Conclusion and Order**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **GRANTED**. Plaintiff is ordered to show cause why and how this Court has diversity jurisdiction over this case. Plaintiff shall file his response to this order on or before **January 20, 2026**.

**IT IS SO ORDERED**.

Dated:  January 13, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

---

[1] Plaintiff alleges he is a "Private Minnesotan," but in an exhibit to the Complaint, he also states he moved to California in 2018, and "intends to live in San Diego County, California, indefinitely." (Compl., Ex. 1.)